**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **KAREN ANNESTA MATTHEW,** | |
| Plaintiff, | 2006-CV-0025 |
| v. | |
| **DELTA AIRLINES, INC.,** and **VIRGIN ISLANDS PORT AUTHORITY,** | |
| Defendants. | |

**TO:** Eszart A. Wynter, Sr., Esq.
Joel H. Holt, Esq.

## ORDER GRANTING DEFENDANT DELTA AIRLINES, INC.'S MOTION TO SET ASIDE THE DEFAULT

THIS MATTER came before the Court upon Defendant Delta Airlines, Inc.'s Motion to Set Aside the Default (Docket No. 35). This order is entered without necessity of response.

## DISCUSSION

As provided in Fed. R. Civ. P. 55(c), the Court may set aside an entry of default "upon good cause shown." The determination of "good cause" is within the sound discretion of the Court. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Moreover, courts are

*Matthew v. Delta Airlines, Inc.*
2006-CV-0025
Order Granting Defendant Delta Airlines, Inc.'s Motion to Set Aside Default
Page 2

encouraged to exercise their discretion liberally because resolving cases on their merits is generally preferred. *Drummond v. Crime Prevention Ass'n of Philadelphia*, Civil No. 00-1540, 2000 WL 1507073 at *1 (E.D.Pa. October 10, 2000) (citing *Maxnet Holdings, Inc. v. Maxnet, Inc.*, No. 98-3921, 1999 U.S. Dist. LEXIS 899, at *3-4 (E.D.Pa. Feb. 1, 1999)).

Under the guidelines articulated by the Third Circuit Court of Appeals, the Court must consider certain factors in determining whether "good cause" exists to set aside an entry of default, including: 1.) whether setting aside the default prejudices Plaintiff, 2.) whether Defendant has a meritorious defense, 3.) whether Defendant's conduct is excusable, and 4.) whether alternative sanctions are appropriate. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987) (citations omitted).

In the matter at bar, the Court finds that Plaintiff will not be prejudiced by setting aside the default. Plaintiff filed her complaint on February 16, 2006. Plaintiff waited until March 30, 2007, to file her motion for entry of default, and default was entered by the Clerk of Court against said Defendant on April 11, 2007. The time between the entry of default and now is not so great a period as to cause any prejudice to Plaintiff.

Said Defendant claims that an automatic bankruptcy stay was in effect at the time Plaintiff filed her Complaint. Thus, Defendant has a meritorious defense.

*Matthew v. Delta Airlines, Inc.*
2006-CV-0025
Order Granting Defendant Delta Airlines, Inc.'s Motion to Set Aside Default
Page 3

Because said Defendant has filed a bankruptcy petition prior to the time Plaintiff filed this action, Defendant's conduct in not answering or otherwise appearing was excusable. The Court further finds that Defendant acted promptly when notified of the entry of default and that Defendant was not personally responsible for said default. *See, e.g., DIRECTV, Inc. v. Adkins*, Civil No. 03-00064, 2003 WL 22299034 at *1 (W.D.Va. October 3, 2003).

Finally, the Court finds that no alternative sanction is appropriate or necessary.

Based upon the foregoing, it is now hereby **ORDERED**:

1. Defendant Delta Airline, Inc.'s Motion to Set Aside the Default (Docket No. 35) is **GRANTED**.

2. Entry of Default (Docket No. 28) is **VACATED**.

ENTER:

Dated: August 7, 2007 /s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE